**KENTUCKY BAR ASSOCIATION, Movant,**

v.

**Benjamin C. HALL, Respondent.**

and

**Benjamin C. Hall, Movant,**

v.

**Kentucky Bar Association, Respondent.**

Nos. 2005–SC–000173–KB, 2005–SC–000591–KB.

Supreme Court of Kentucky.

Oct. 20, 2005.

622

Bruce K. Davis, Executive Director, Jay R. Garrett, Deputy Bar Counsel, Kentucky Bar Association, Frankfort, KY, Counsel for Kentucky Bar Association.

Benjamin C. Hall, David C. Stratton, Pikeville, KY, Counsel for Benjamin C. Hall.

**OPINION AND ORDER**

Benjamin C. Hall moves this court to impose discipline for violations arising out of eight separate cases. The Kentucky

Bar Association (KBA) has no objection to his motion.

Hall, who was admitted to practice law on October 17, 1991, was suspended for noncompliance with continuing legal education requirements (CLE) in 2004 and was also suspended for 181 days in 2005, for a disciplinary violation. Hall's bar roster address is P.O. Box 2455, Pikeville, Kentucky 41502 and his KBA member number is 84165.

The KBA concluded that the appropriate discipline for all violations is a five year suspension, with conditions as to all matters. Hall requests that we grant his motion, encompassing these terms.

■ The subject violations arose from four bankruptcy cases, two probate matters, and two domestic relations cases. Specifically, Hall accepted $600.00 from Ms. Zella Epling to file her bankruptcy petition, but failed to file it timely. He also failed to return Ms. Epling's phone calls. Eventually, he informed her that her petition had been filed, but he did not actually file it until over a month after he so informed her. Additionally, Hall asked Ms. Epling to produce her 2002 tax return, but failed to explain that the refund could be forfeited to the bankruptcy court. Finally, Hall failed to respond to the KBA's request for information, stemming from a complaint that Ms. Epling filed in connection with this matter. Hall admits that his lack of diligence, failure to communicate, misrepresentation to Ms. Epling of the status of her case, and his failure to respond to the KBA complaint, constituted violations of SCR 3.130–1.3, 1.4(a) and (b), 8.3(c) and 8.1(b), respectively.

Similarly, Hall failed to file a bankruptcy petition for Ms. Jean Click after she had paid him $850.00 to do so. Instead, he informed her that he "was having problems" and would not be able to return her money. She filed a complaint through the KBA, to which Hall did not respond. Hall admits that he violated SCR 3.130–1.3, 1.15(b), 1.16(d), 8.3(c), and 8.1.(b) by failing to use diligence in filing the petition, failing to return the unearned fee of $850.00, and failing to respond to a lawful demand for information from a disciplinary authority.

When Mr. and Mrs. William Harmon paid Hall $800.00 to file a bankruptcy petition, he did not file it until approximately six months later. However, Hall did file it and obtained an order of discharge for the Harmons. Subsequently, the bankruptcy trustee moved to revoke the discharge because of Hall's noncompliance with a court order requiring the Harmons to produce two deeds, an appraisal of property, and the payoff on a mortgage. When Ms. Harmon produced the documents to Hall, he assured her that he would take care of the matter. Nonetheless, he failed to do so and the trustee's motion to revoke the discharge was granted. As a result, the Harmons had to pay another attorney $400.00 to reopen the bankruptcy. The KBA requested information from Hall regarding his representation of the Harmons after Ms. Harmon filed a complaint. Hall did not respond. Hall concedes that his six-month delay in filing, failure to competently represent the Harmons by producing the necessary documents, failure to abide by a court order which required the production of the same documents, and his failure to respond to a lawful demand for information from a disciplinary authority, constitute violations of SCR 3.130–1.3, 1.1, 3.4(c), and 8.1(b).

Ms. Angeline Clevenger paid Hall a $500.00 retainer fee to represent her in a bankruptcy proceeding. When Hall failed to file the necessary paperwork in preparation for a hearing, the Bankruptcy Court gave Hall an additional ten days to do so.

Hall assured Ms. Clevenger that he would handle the matter. Afterward, when she attempted to learn the status of her case, she discovered that Hall's phone had been disconnected. She subsequently received an order dismissing her bankruptcy petition because she had failed to produce the documents previously ordered by the court. Although the court did set aside the order of dismissal, it did so as a result of Ms. Clevenger's *pro se* motion. Additionally, the bankruptcy trustee prevailed on a motion to disgorge the $500.00 in attorney fees that Ms. Clevenger paid to Hall. Hall admits that he violated SCR 3.130–1.3, which requires diligence and promptness in client representation, when he failed to provide the trustee with the proper documents and failed to appear in court on a dismissal motion. He also admits that his failure to keep Ms. Clevenger informed of the status of her case violated SCR 3.130–1.4(a). Hall concedes that his failure to properly prepare for the hearing and file the necessary paperwork constituted a violation of SCR 3.130–1.1, which requires competent representation.

■ Hall failed to take any action after Ms. Floetta Coleman paid him $300.00 to handle a child support case on behalf of her son, who was in prison. When Ms. Coleman contacted Hall to inquire about the status of the case, Hall assured her that he would take care of it the following week. Subsequently, Ms. Coleman was unable to reach Hall because both his home phone and office phone had been disconnected. Furthermore, Hall failed to respond to Ms. Coleman's bar complaint when the KBA sent it to him. Hall admits that his failure to take any action on her case violated the diligence required by SCR 3.130–1.3. SCR 3.130–1.15(b) was also violated when he failed to return the unearned fee to Ms. Coleman. Further, he admits to violating SCR 3.130–1.16(d)

by abandoning his law practice without notifying Ms. Coleman that he was terminating the attorney/client relationship and by failing to return the unearned fee. Failure to return the unearned fee also constitutes a violation of SCR 3.130–1.15(b) which requires prompt delivery of funds or property to which the client is entitled. Hall confesses a violation of SCR 3.130–8.3(c) for reassuring Ms. Coleman that he would take care of her case and then, in fact, doing nothing. And, finally, his failure to respond to the KBA's demand for information violated SCR 3.130–8.1(b).

■ Ms. Barbara Rogers paid Hall $500.00 to represent her son, who was incarcerated, in a divorce case. Thereafter, Hall contacted neither Ms. Rogers nor her son, and Hall did not appear when the case was heard. Hall admits that his failure to contact his client violated his duty of communication under SCR 3.130–1.4(a) and (b), and that his failure to appear at the hearing violated his duty to diligently and promptly represent his client, pursuant to SCR 3.130–1.3. He further violated SCR 3.130–1.15(b) and SCR 3.130–1.16(d) by failing to return Ms. Rogers' fee, which he had not earned. He also admits that his retention of the fee even though he did not meet with the client or appear at the hearing constitutes a violation of SCR 3.130–8.3(c) which prohibits conduct involving dishonesty, fraud, deceit, or misrepresentation. These actions also violated SCR 3.130–1.16(d) which mandates that an attorney take steps to protect a client's interest after the attorney/client relationship terminates. Hall's failure to respond to the KBA's demand for information regarding Ms. Rogers' representation violated SCR 3.130–8.1(b).

■ Ms. Deborah Depietro paid Hall $750.00 to represent the estate of her aunt, Jetty May. However, Hall failed to return her phone call inquiries regarding the sta-

tus of the case. Hall made a court appearance with Ms. Depietro, but did not file the petition to probate the will and appoint an administrator until nearly a month later. Hall also failed to prepare two quit claim deeds, for which Ms. Depietro paid him an additional $200.00. Hall abandoned his law office without informing Ms. Depietro, and did not return the unearned fee. He failed to respond to the KBA's request for information upon Ms. Depietro's filing a bar complaint. Hall concedes that he violated SCR 3.130–1.3 by failing to complete the administration of the estate and by failing to prepare the deeds. He admits that he violated SCR 3.130–1.4(a) when he failed to return his client's calls. His failure to return the unearned fee violated SCR 3.130–1.16(d) as well as SCR 3.130–1.15(b), and finally, his failure to respond to the KBA's demand violated SCR 3.130–8.1(b).

■ Lastly, Ms. Addie Grover engaged Hall in a probate matter. Ms. Grover's portion of her brother's estate was $5,503.93. When a cashier's check in that amount was issued, made payable to Ms. Grover, Hall cashed the check, but failed to remit Ms. Grover's portion to her until after Hall was charged by the Inquiry Commission. Hall also received the title to a vehicle that was to be turned over to Ms. Grover, but failed to do so. Therefore, Hall admits to violating SCR 3.130–1.3 as well as SCR 3.130–1.15(b), when he failed to promptly remit the funds to Ms. Grover and when he failed to give her title to the vehicle, to which she was entitled.

■ Hall admits that he has a substance abuse problem and avers that this problem led to and contributed to all of these ethical violations. We grant Hall's motion and impose the requested discipline.

ACCORDINGLY IT IS HEREBY ORDERED:

(1) Benjamin C. Hall is suspended from the practice of law in the Commonwealth of Kentucky for five years with conditions as to all matters as follows:

Benjamin C. Hall shall refrain from alcohol or drug use and shall participate in the KYLAP program and monitoring as stated in the Supervision Agreement.

Benjamin C. Hall shall pay back all unearned fees to his clients, plus interest at 12% per annum from the date of this Order until paid. The clients and amount of unearned fees are as follows:

Ethel Salisbury, $850.00; Loretta Harmon, $700.00; Pam Nichols, $850.00; Joann Jackson, $850.00; Zella M. Epling, $600.00, Jean Click, $850.00; Floetta Coleman, $300.00; Barbara Harmon, $800.00; Barbara Rogers, $500.00; Deborah Depietro, $950.00; Angeline Clevenger, $500.00.

If the Client's Security Fund makes any payments as a result of claims filed by Hall's clients, he shall reimburse the Fund.

(2) If Hall fails to comply with any of these disciplinary terms during the five year period after this Order, the KBA Office of Bar Counsel may request an order of permanent disbarment.

(3) Hall shall pay all costs associated with these disciplinary proceedings in the sum of $574.45, for which execution may issue from this Court upon finality of this Opinion and Order.

All concur.

ENTERED: October 20, 2005.

/s/ Joseph E. Lambert
Chief Justice