TO BE PUBLISHED

# Supreme Court of Kentucky

## 2015-SC-000103-KB

**FINAL**

**DATE** 5-27-15 _[handwritten]_

KENTUCKY BAR ASSOCIATION                                   MOVANT

V.                              IN SUPREME COURT

BRIAN PATRICK CURTIS                                      RESPONDENT

## OPINION AND ORDER

Pursuant to Supreme Court Rule (SCR) 3.360, the Trial Commissioner recommends this Court suspend Brian Patrick Curtis[1] (Curtis) for five (5) years from the practice of law to run consecutively with all current suspensions for numerous ethical violations involving four separate Kentucky Bar Association (KBA) charges. Finding sufficient cause to do so, we accept the Trial Commissioner's recommendation to suspend Curtis from the practice of law for five (5) years; however, that suspension shall run concurrently with Curtis's ongoing suspension for failure to comply with CLE requirements and consecutively with any other current suspensions.[2]

---

[1] Curtis's KBA number is 88393, and he was admitted to practice law on October 23, 2000. According to the Trial Commissioner, Curtis was not located at his last known bar address, but was duly served in all cases at 1832 Fleming Road, Louisville, Kentucky 40205.

[2] SCr 3.380 does not provide for indefinite suspensions. Curtis is presently suspended for his failure to maintain the minimum CLE credit, a suspension that has not been lifted. Curtis is also presently under a one year suspension that began in December 2014. If we were to run this five year suspension consecutively with his CLE suspension, as the Trial Commissioner suggests, the suspension could extend indefinitely. However, running this five year suspension consecutively with the existing one-year suspension does not have the effect of creating a potential indefinite suspension.

# I. BACKGROUND

Curtis's charges arise from allegations that he: agreed to perform legal services for clients or prospective clients in bankruptcy actions; accepted either full or partial payment of costs and fees; and subsequently failed to perform any services. Furthermore, in all cases, Curtis allegedly failed: to respond to the clients' inquiries; to return file materials; and to refund unearned portions of fees. Finally, in three of the four cases, Curtis was charged with failing to act with reasonable diligence and promptness. The charges stem from the following actions.

## A. KBA File No. 20917.

In KBA File No. 20917, Curtis was charged with violating the following: SCR 3.130-1.3, which states: "[a] lawyer shall act with reasonable diligence and promptness in representing a client;" SCR 3.130-1.4(a)(3) and (4), which state in pertinent part, "[a] lawyer shall . . . keep the client reasonably informed about the status of the matter" and "promptly comply with reasonable requests for information;" SCR 3.175(1)(a) which requires an attorney to "maintain with the Director a current address at which he or she may be communicated with by mail, the said address to be known as the member's Bar Roster address, and shall upon a change of that address notify the Director within thirty (30) days of the new address;" SCR 3.130-3.4(c) which requires an attorney to not "knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists;" SCR 3.130-1.16(d) which states:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law[;]

SCR 3.130-8.1(b) which states: "a lawyer in connection with a disciplinary matter, shall not . . . knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority;" and SCR 3.130-8.4(c) which states: "It is professional misconduct for a lawyer to . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

The preceding charges in KBA File No. 20917 stem from the following. Ms. Theresa Cook testified she paid Curtis $1,010 for costs and fees to obtain a discharge for her in a Chapter 7 bankruptcy. Ms. Cook understood the $1,010 was inclusive of both the filing fee and the attorney's fee. Curtis filed the petition and paid the filing fee for Ms. Cook's bankruptcy; however, he failed to file other required documents resulting in a deficiency notice. Ms. Cook notified Curtis that she was terminating his services. She called him repeatedly but received no response from Curtis. She went to his office several times, waited in the lobby, and no one told her when he would return. She testified that on one occasion she finally caught Curtis in his office as he was leaving to go to court. Ms. Cook told him she "received a letter from court saying her bankruptcy had been discharged because the proper papers had not been filed." Ms. Cook further testified that Curtis told her to leave her papers with the receptionist, and she did so. Ms. Cook then continued calling to see if

3

Curtis had filed the papers but never received an answer. Ms. Cook obtained other counsel at an additional expense of $250 to reopen and complete her bankruptcy. Curtis did not return Ms. Cook's file nor refund any portion of the costs and fees paid.

**B. KBA File No. 20986.**

The charges in KBA File No. 20986 are the same as those in KBA File No. 20917, and stem from the following actions. Ms. Tracy Ragland paid Curtis $1,010 for all costs and fees in connection with her bankruptcy. Curtis filed a bankruptcy petition for Ms. Ragland, but failed to pay the filing fee. Ms. Ragland's case was dismissed as a result. Ms. Ragland called Curtis's office, but received no return call. Ms. Ragland went to Curtis's office where he told her he would take care of her case. Thereafter, she repeatedly attempted to contact Curtis by telephone, but received no return call. Ms. Ragland returned to Curtis's office but he was not there. Ms. Ragland then discovered the email address she had for Curtis was no longer valid and that his phone had been disconnected. Ms. Ragland was able to obtain an order from the bankruptcy court requiring Curtis to refund her money; however, he failed to do so, and he failed to return her file. Ms. Ragland was unable to obtain a discharge in bankruptcy.

**C. KBA File No. 20987.**

The charges in KBA File No. 20987 are the same as in KBA File No. 20986 and 20917 except that KBA File No. 20987 did not involve a charge for a violation of SCR 3.130-1.3's requirement to act with reasonable diligence in

4

representing a client. The KBA File No. 20987 charges stemmed from the following actions. Ms. Nancy Louise McDonald paid Curtis $1,010 to represent her in bankruptcy proceedings. Curtis did not file anything in court for McDonald. She testified that she tried to call him every day to see why nothing had been filed, but he did not return her phone calls. When Ms. McDonald went to Curtis's office, she was told he was not there. Ms. McDonald secured the services of another attorney to handle her bankruptcy proceedings. Curtis did not return any of the money McDonald paid to him, and he did not return her file materials. However, Ms. McDonald did obtain a judgment against Curtis in small claims court awarding her $1,010, plus court costs with interest at the judgment rate.

## D. KBA File No. 20989.

The charges in KBA File No. 20989 are the same as in KBA File No. 20917 and 20986, and stemmed from the following actions. Ms. Carolyn Webb gave Curtis $450 toward a fee of $1,010.00 for representing her in bankruptcy proceedings and understood she could make payments on the remainder of the amount due. Curtis filed the bankruptcy petition, but failed to pay the filing fee. Ms. Webb was unable to reach Curtis via telephone so she went to his office. Curtis told her he would take care of the problem, and that he had "keyed in something wrong." When Ms. Webb did not hear from Curtis, she again went to his office. Curtis again told her he would take care of it, but he never completed her bankruptcy, and Ms. Webb was unable to obtain a

discharge in bankruptcy. Curtis did not return Ms. Webb's documents or any of the money she paid him.

**E. Proceedings.**

On March 11, 2013, Curtis filed a response denying the KBA's charges. However, he gave no detailed reasons for his denials and asked for an extension of time in order to do so. In support of his request for more time, Curtis stated that he was suffering from debilitating depression and working with the Kentucky's Lawyer Assistance Program (KYLAP).

The Court issued an Order on May 17, 2013, holding the proceedings in abeyance for 180 days. The Order required Curtis to provide a status report regarding the treatment of his depression 45 days from the date of the Order. Curtis did not file any status reports; therefore, on September 10, 2013, this Court issued a Show Cause Order as to why this matter should not be removed from abeyance. Curtis filed no response, and, on September 26, 2013, this Court removed this matter from abeyance.

On April 29, 2014, the Trial Commissioner was designated, and she scheduled a telephonic conference for May 8, 2014. Curtis did not participate in that pretrial conference. On May 12, 2014, the Trial Commissioner issued an Order requiring the parties to serve information about witnesses and exhibits, any objections, or motions in limine, and any other prehearing motions by certain dates. The KBA, through counsel, timely complied with the Order, but Curtis failed to do so. On July 25, 2014, a final prehearing

conference was held via telephone. During that conference, the Trial Commissioner set the date, time, and place for the hearing.

On August 5, 2014, the hearing was duly held, but Curtis failed to attend. Based on the evidence, which included the aforementioned testimony of Ms. Cook, Ms. Ragland, Ms. McDonald, and Ms. Webb, the Trial Commissioner concluded as a matter of law that each of the alleged ethical violations had been proven by a preponderance of the evidence.

The Trial Commissioner also noted that Curtis had the following previous disciplinary actions taken against him: on April 2, 2012, Curtis received a private admonition for violating SCR 3.130-1.3, and SCR 3.130-1.4(a)(3) and (4). On January 21, 2013, Curtis received a private admonition for violation of SCR 3.130-1.4(a)(3) and (4), SCR 3.130-1.16(d), and SCR 3.130-8.1(b). On March 2, 2013, we suspended Curtis from the practice of law for 60-days for violating SCR 3.130-1.4(a)(3) and (4), SCR 3.130-1.15(b), SCR 3.130-1.16(d), and SCR 3.130-8.1(b). On June 19, 2014, we suspended Curtis from the practice of law for 90-days for violating SCR 3.130-1.3, SCR 3.130-3.4(c), SCR 3.130-5.5(a), 3.130-5.5(b)(2). On June 21, 2012, Curtis was suspended for failing to meet the minimum CLE requirements in violation of SCR 3.661 for the education year ending June 30, 2011.[3]

Although she found that Curtis's pattern of misconduct was clear, in determining what discipline to recommend, the Trial Commissioner noted two

---

[3] We note that Curtis received a one-year suspension in December 2014, after the Trial Commissioner issued her recommendation. Therefore, the Trial Commissioner did not consider that suspension.

7

mitigating factors: Curtis had practiced law for 12 years without any significant ethical issues; and Curtis was suffering from "severe and debilitating depression." However, the Trial Commissioner also noted that Curtis had not participated in the proceedings in any meaningful way since March 11, 2013, which exacerbated and added to his ethical violations.

Based upon the evidence and her findings of fact, the Trial Commissioner recommends to this Court: that Curtis be suspended from the practice of law for a period of five years, to run consecutively with all current suspensions; that Curtis be required to fulfill all obligations of all prior opinions and orders concerning suspensions; that Curtis be required to continue his KYLAP participation and comply with all treatment recommendations from a duly qualified health professional through his suspension; that Curtis be directed to promptly return all client file materials in his possession or control to each of his prior clients involved in these charges; that Curtis make restitution to Ms. Cook in the amount of $704, to Ms. Ragland in the amount of $1,010, to Ms. McDonald in the amount of $1,010, and to Ms. Webb in the amount of $450, plus interest thereon at the legal rate from the date of any final order until paid, subject to credits and offsets for any amounts previously paid. Additionally, the Trial Commissioner recommends that Curtis be ordered to reimburse the Client's Security Fund for any amounts it has paid, and that he be assessed all costs associated with this proceeding pursuant to SCR 3.450, which award of costs shall bear interest at the judgment rate set forth in KRS 360.040 in accordance with SCR 3.450(2).

## II. ANALYSIS

As noted by the Trial Commissioner, we suspended an attorney for five years who, like Curtis, neglected several client matters, refused to return retainer fees, refused to return his clients' property, and failed to respond to bar complaints. *Kentucky Bar Ass'n v. Hall*, 173 S.W.3d 621 (Ky. 2005). Although this matter differs somewhat from *Hall*, in that Hall participated in the disciplinary proceedings, we agree with the Trial Commissioner's recommendation. In doing so, we note, as did the Trial Commissioner, that Curtis, because of his depression, may very well have been incapable of actively participating in these proceedings. However, because he has failed to respond, despite having had ample opportunity to do so, we do not know whether, or to what extent, he continues to suffer from depression. Therefore, we agree that a five-year suspension from the practice of law is appropriate and that suspension should run consecutively with Curtis's current one-year suspension. However, because running this suspension consecutively to Curtis's existing suspension for failing to comply with CLE requirements could result in an indefinite suspension, we run Curtis's five-year suspension concurrently with that CLE suspension.

## III. CONCLUSION

Having reviewed the record, the Supreme Court Rules, and the relevant case law, we accept the Trial Commissioner's recommendation to suspend Curtis from the practice of law for five (5) years in part, with conditions.

9

ACCORDINGLY, IT IS ORDERED THAT:

A.  Brian Patrick Curtis, KBA Number 88393, is found guilty of violating SCR 3.130-1.3; SCR 3.130-1.4(a)(3) and (4); SCR 3.175(1)(a); SCR 3.130-3.4(c); SCR 3.130-1.16(d); SCR 3.130-8.1(b); and SCR 3.130-8.4(c), as set out in KBA File No. 20917; guilty of violating the SCRs as set out in KBA File No. 20986; guilty of violating the SCRs as set out in KBA File No. 20989; and guilty of violating SCR 3.130-1.4(a)(3) and (4); SCR 3.175(1)(a); SCR 3.130-3.4(c); SCR 3.130-1.16(d); SCR 3.130-8.1(b); and SCR 3.130-8.4(c), as set out in KBA File No. 20987;

B.  Curtis is suspended from the practice of law for five (5) years to run concurrently with his suspension for lack of CLE credit, to the extent it is still in effect and to run consecutively with his one-year suspension that began in December 2014;

C.  Notwithstanding the five-year period mentioned above, Curtis shall not seek reinstatement until he has complied with the conditions required to remove his CLE related suspension;

D.  Curtis is required to continue his participation in KYLAP and comply with all treatment recommendations from a duly qualified health professional throughout all periods of suspension;

E.  Curtis is directed to promptly return all file materials in his possession or control to each of his prior clients involved in these charges;

F.  Curtis shall make restitution to Ms. Cook in the amount of $704; to Ms. Ragland in the amount of $1,010; to Ms. McDonald in the amount of

10

$1,010; and to Ms. Webb in the amount of $450, plus interest at the legal rate from the date of any final order until paid, with due credit and offsets for any amounts previously paid. Additionally, Curtis shall reimburse the Client's Security Fund for any amounts it has paid;

G. If he has not already done so, pursuant to SCR 3.390(b), Curtis shall, within 10 days after the issuance of this Opinion and Order, notify, by letter duly placed with the United States Postal Service, all courts or other tribunals in which he has matters pending, and all clients of his inability to represent them and of the necessity and urgency of promptly retaining new counsel. Curtis shall simultaneously provide a copy of all such letters of notification to the Office of Bar Counsel and shall immediately cancel any pending advertisements, to the extent possible, and terminate any advertising activity for the duration of the term of suspension;

H. Finally, Curtis is directed to pay the costs of this action, $3,452.97, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: May 14, 2015.

CHIEF JUSTICE

11