**Joseph Frederick BAMBERGER, III, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

No. 2000–SC–1139–KB.

Supreme Court of Kentucky.

Feb. 22, 2001.

## OPINION AND ORDER

Joseph Frederick Bamberger III, a practicing attorney, moves this Court, pursuant to SCR 3.480(3), for an order suspending him from the practice of law for thirty (30) days, probated for one (1) year with conditions.

Movant acknowledges the following facts that led to his violation of several Rules of Professional Conduct. Peggy Jones hired Movant in March 1999 for representation in a divorce proceeding. Jones paid Movant $300.00 on March 22, 1999 and $100.00 on March 26, 1999. Movant completed several legal transactions for Jones in March 1999, such as filing a Petition for Dissolution of Marriage and a Waiver of Summons. Mr. and Mrs. Jones signed a Final Settlement Agreement on March 26, 1999, but Movant did not file the agreement in the record until June 18, 1999. Jones did not have any contact with Movant between early April and June 17, 1999, until Jones contacted Movant regarding a custody/visitation issue in June. In July 1999, Movant told Jones that she, her husband and her daughter had to attend a court-ordered class before the divorce could be final.

Following attendance at the required class, Jones attempted to contact Movant several times a week from late August 1999 to January 2000. Movant never returned any of her phone calls and never took reasonable measures to finalize Jones' divorce. Jones retained another lawyer, at additional expense, to finalize her divorce and contacted the Kentucky Bar Association to file a complaint against Movant. After notification of the bar complaint, Movant refunded $300.00 to Jones.

As a result of these actions, the Kentucky Bar Association issued a charge against Movant on June 6, 2000, alleging that he violated SCR 3.130–1.3, which provides that a "lawyer shall act with reasonable diligence and promptness in representing a client," and SCR 3.130–1.4(a) which provides that a "lawyer should keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

Movant acknowledges that he violated these provisions and now wishes to terminate the disciplinary proceedings against him by consenting to a thirty-day (30) suspension, probated for one (1) year, with conditions. Movant also admits that he has a problem with alcohol dependence, and therefore agrees to the terms and conditions of probation, set out below. The Kentucky Bar Association does not object to the Movant's motion.

Therefore, it is ordered that Bamberger's Motion for Suspension from the

Practice of Law, Probated, for Movant's admitted violations of SCR 3.130–1.3 and SCR 3.130–1.4(a) is hereby GRANTED.

It is further ORDERED that:

1. Movant shall abstain from the consumption of alcoholic beverages.

2. Movant shall attend or continue to attend Alcoholics Anonymous (AA) meetings and shall have regular conferences with his AA sponsor, Jeff.[1]

3. A member of the Lawyers Helping Lawyers Committee has agreed to supervise Movant during his probationary period. Movant's Supervisor shall file quarterly reports with the Disciplinary Clerk of the Kentucky Bar Association for distribution to Bar Counsel. These reports shall state if Movant is complying with the terms and conditions of this Order. If at any time the Supervisor becomes aware of Movant's violation of any of the terms of this Order, he shall immediately file a notice of such violation(s) with the Disciplinary Clerk of the Kentucky Bar Association for distribution to Bar Counsel and Movant.

4. Movant's Supervisor has the following responsibilities:

(a) To obtain an affidavit from the Movant and Movant's AA sponsor with answers to the following questions: (i) whether Movant has abstained from consumption of alcoholic beverages and (ii) whether Movant has continued to attend AA meetings during the reporting period;

(b) To review the records of Boone District and Circuit Court to determine if Movant has been involved in any alcohol-related incidents during the reporting period;

(c) To contact Movant as the Supervisor deems appropriate to discharge his/her responsibilities as set forth above.

5. Movant's AA sponsor, Jeff, has agreed to notify the Disciplinary Clerk of the Kentucky Bar Association of any failure by Movant to satisfy the terms of this Order. Upon entry of this Court's Order, counsel for Movant will notify Jeff that a report of noncompliance with the probationary terms shall be submitted to the Movant's Supervisor in the event that Movant violates any of the conditions contained herein.

6. If Movant violates the terms of probation within one (1) year of the date of this Order, the Kentucky Bar Association may file a motion with this Court requesting the issuance of a show cause order directing Movant to show cause, if any, why the thirty-day suspension should not be imposed.

7. At the expiration of the probation period of one (1) year, and if Movant has fully complied with the above terms, the order of suspension shall be terminated and all terms of Movant's probation shall be terminated. Additionally, Movant's Supervisor and Jeff shall be discharged from any further responsibilities relating to this Order.

8. Movant shall pay the costs of this action in the amount of $33.61.

All concur.

WINTERSHEIMER, J., not sitting.

ENTERED: February 22, 2001
/s/ Joseph E. Lambert

CHIEF JUSTICE

---

1. We have purposely deleted Jeff's last name to protect his anonymity.