TO BE PUBLISHED

# Supreme Court of Kentucky

## 2008-SC-000937-KB



DATE 5/5/09 Kelly Klaber D.C.

KENTUCKY BAR ASSOCIATION

MOVANT

V.                    IN SUPREME COURT

JOHN GRANT COOK                                      RESPONDENT

## OPINION AND ORDER

The Kentucky Bar Association (KBA) moves this Court to enter an order finding John Grant Cook, whose KBA member number is 90412 and whose bar roster address is 1707B Millgate Road, Louisville, Kentucky 40223, guilty of violating SCR 3.130-1.3, SCR 3.130-1.4(a), and SCR 3.130-1.16(d), and suspending Cook from the practice of law for two years, with thirty days of that time to be served and the remainder conditionally probated for two years. After reviewing Cook's two KBA files associated with this motion, we agree that Cook is guilty of the charges brought against him and adopt the KBA's recommended discipline.

Cook was admitted to practice law in this Commonwealth on October 15, 2004. On February 10, 2006, Rickey Graf hired Cook to defend him in a civil matter in the Meade Circuit Court. Two months later, after Cook failed to

submit answers to the Plaintiff's discovery requests, the circuit court entered an order on April 25, 2006, requiring the Defendant Graf to reply to the discovery. However, Cook never responded to this order, prompting the trial court to dismiss Graf's counterclaim with prejudice on July 13, 2006. Despite Graf's attempts to contact Cook during this time period, Cook never returned Graf's phone calls, resulting in Graf filing a bar complaint against Cook on September 21, 2006. Thereafter, on January 23, 2008, the Inquiry Commission charged Cook with violating SCR 3.130-1.3 for failing to act with reasonable diligence in representing his client, and SCR 3.130-1.4(a) for failing to keep his client reasonably informed about his case and failing to comply with reasonable requests for information. These two charges are contained in KBA File 14628.

In KBA File 14626, Cook agreed to represent Dannette Flaherty in a civil matter and accepted $500 for such representation on June 20, 2006. Although Cook and Flaherty planned to meet on July 11, 2006, in order to review the case, Cook failed to appear at this meeting. Flaherty eventually learned from an answering service that Cook had been admitted to the hospital but would return to his office by the end of the month. However, after attempting to contact Cook again in August 2006, Flaherty was told that Cook had suffered from a breakdown and would not be returning to the practice of law. Subsequently, Flaherty filed a bar complaint against Cook on September 26, 2006, which resulted in the Inquiry Commission issuing additional charges against Cook on January 23, 2008. The Inquiry Commission charged Cook

2

with violating SCR 3.130-1.4(a) for failing to keep a client reasonably informed about a case and SCR 3.130-1.16(d) for failing to return the unearned portion of the fee. Following this charge, Cook refunded the $500 fee to Flaherty.

The Board of Governors considered Cook's two KBA Files on November 21, 2008. Although Cook filed answers in both cases, his submissions were untimely filed by a matter of days. Regardless, because Cook admitted in his answers all the factual allegations on which his charges were based, the Board did not treat the consolidated actions as default matters, and rather, considered them under the law alone as provided in SCR 3.210(2). Subsequently, the Board voted 18 to 0 to find Cook guilty of both charges in KBA File 14646 and voted 18 to 0 to find Cook guilty of both charges in KBA File 14628. The Board also unanimously recommended that Cook be suspended from the practice of law for two years, with thirty days of that suspension to be served and the remaining time to be probated for two years on the condition that Cook sign a supervision agreement, participate in the Kentucky Lawyers Assistance Program (KLAP), and be evaluated and continue to seek treatment for depression.

As the Board acknowledges in its findings of fact and conclusions of law, Cook admitted in his answers that he violated SCR 3.130-1.3 and SCR 3.130-1.4(a) as set forth in KBA File 14628, and that he violated SCR 3.130-4(a) and 3.130-1.16(d) as set forth in KBA File 14626. In these answers, Cook explained that during the time of his representation of Graf and Flaherty, he was suffering from deep depression. Cook admitted that his unstable mental

3

health affected his ability to adequately represent Graf and Flaherty. Cook also acknowledged that he does not and will not "possess the requisite fitness to practice law in the foreseeable future," but asked this Court for leniency in imposing the appropriate discipline. This Court finds that in light of Cook's ethical violations as set forth in KBA File 14628 and 14626, his candid acknowledgement of guilt as explained in his answers, and his minimal history of prior discipline[1], the Board's recommendation of a two-year suspension with the suggested probationary period appropriately sanctions Cook's misconduct. Therefore, it is hereby ORDERED that:

1. John Grant Cook is guilty of violating SCR 3.130-1.3 and SCR 3.130-1.4(a) as charged in KBA File 14628, and guilty of violating SCR 3.130-1.4(a) and SCR 3.130-1.16(d) as charged in KBA File 14626.

2. John Grant Cook is hereby suspended from the practice of law in this Commonwealth for two years, with thirty days (30) to be served and the remainder probated for two years on the condition that Cook sign a supervision agreement, participate in KLAP, and be evaluated and continue to seek treatment for depression.

3. If Cook fails to abide by any of the terms of discipline during the two-year probationary period, upon the KBA's motion, this Court may suspend Cook for the remainder of the two-year suspension.

---

[1] On April 11, 2006, Cook was fined for failing to comply with the Continuing Legal Education requirement of attending the New Lawyers Program. On February 14, 2007, Cook was suspended from the practice of law for not paying his annual KBA dues.

4

4. Pursuant to SCR 3.450, John Grant Cook is directed to pay all costs associated with these disciplinary proceedings in the amount of $561.71.

5. Pursuant to SCR 3.390, John Grant Cook shall, within ten (10) days from the entry of this opinion and order, provide written notice to his clients of his inability to represent them; provide written notice to all courts in which he has matters pending of his suspension from the practice of law; and furnish copies of all letters of notice to the Executive Director of the Kentucky Bar Association. Furthermore, to the extent possible, Cook shall immediately cancel and cease any advertising activities in which he is engaged.

All sitting. All concur.

ENTERED: April 23, 2009.

CHIEF JUSTICE

5