**KENTUCKY BAR ASSOCIATION,**
Movant,

v.

**Louis ZIMMERMAN, Respondent.**

**No. 2010–SC–000563–KB.**

Supreme Court of Kentucky.

December 2, 2010.

## *OPINION AND ORDER*

The Board of Governors of the Kentucky Bar Association has recommended to this Court that Respondent, Louis Zimmerman, KBA Member No. 83393, whose last known bar roster address is 1310 Broadway, P.O. Box 7238, Paducah, Kentucky 42002, be publicly reprimanded as a result of engaging in misconduct during his representation of James Thompson. Zimmerman was admitted to practice law in the Commonwealth on May 1, 1990. For the reasons set forth below, we agree with and adopt the Board's recommendation.

## *FINDINGS OF FACT*

Zimmerman entered an appearance to represent James Thompson in an age and gender discrimination suit on December 20, 2006. A settlement was mediated on September 8, 2008, in which Mr. Thompson was to receive $20,000.00 to be paid within fifteen days. Mr. Thompson did not receive the money, nor did he hear from Zimmerman. Between December 12, 2008 and June 10, 2009, Mr. Thompson placed forty-nine calls to Zimmerman. All calls went unreturned. Finally, Mr. Thompson wrote a letter to Zimmerman, which he both faxed and mailed on June 18, 2009, stating he would file a Bar Complaint if Zimmerman did not contact him. Mr. Thompson did not receive a response.

On August 1, 2009, Mr. Thompson was notified by the defendant that they were holding a stale check in his name in the amount of $11,260.46, and that they would reissue the check if he would sign a document and return to them. Mr. Thompson signed and returned the form. Counsel for the defendant confirmed the settlement amount, stating that the difference between the $20,000.00 settlement and the $11,260.46 check was for taxes. Although Mr. Thompson received more money than he would have otherwise because Zimmerman did not receive his contingency fee, he remained unhappy and filed a complaint against Zimmerman with the KBA on August 11, 2009.

After receiving the complaint filed by Mr. Thompson, the KBA Disciplinary Clerk requested additional information from Zimmerman by a letter dated September 8, 2009. Zimmerman was advised at that time that he could face an additional charge of misconduct pursuant to SCR 3.130–8.1 (failing to respond to a lawful demand from the KBA for information regarding ethics charges) if he did not respond. Zimmerman failed to respond and was served a reminder letter on October 21, 2009. After failing to respond yet again, the Inquiry Commission issued the Charge in this matter on March 26, 2010. Zimmerman was served by the McCracken

County Sheriffs Office on April 30, 2010. When no answer was filed, the Office of Bar Counsel sent a courtesy reminder along with a Motion for Permission to File a Late Answer on May 25, 2010. No Answer was filed, and the Order of Submission was signed by the Inquiry Commission Chair on June 10, 2010.

In a unanimous vote 16–0, the Board voted to find Zimmerman guilty of violating SCR 3.310–1.3 for failing to act with reasonable diligence and promptness in representing his client; SCR 3.310–1.4(a) for failing to promptly inform his client of any decision or circumstance with respect to which the client's informed consent is required by the Rules; SCR 3.310–1.16(d) for abandoning representation of his client, failing to take steps to protect his client, failing to return money; and finally SCR 3.310–8.1(b) by failing to respond to requests from the KBA for information regarding the ethics charges. Based on these findings, the Board of Governors recommended 16–0 to publically reprimand Zimmerman for his actions, and successfully complete the Ethics and Professional Enhancement Program presented by the Office of Bar Counsel.

## CONCLUSION

Respondent has not filed a notice with this Court to review the Board's decision, and we do not elect to review the decision of the Board under SCR 3.370(8). The decision of the Board is hereby adopted under SCR 3.370(10). Thus it is ORDERED that:

1) Respondent, Louis Zimmerman, KBA Member No. 83393, 1310 Broadway, P.O. Box 7238, Paducah, Kentucky 42002, is publicly reprimanded;

2) Respondent must attend and successfully complete the Ethics and Professional Enhancement Program presented by the Office of Bar Counsel;

3) In accordance with SCR 3.450, Respondent must pay all costs associated with these disciplinary proceedings against him, the sum being $375.15, for which execution may issue from this Court upon finality of this Opinion and Order;

MINTON, C.J., ABRAMSON, NOBLE, SCHRODER, SCOTT and VENTERS, JJ., concur. CUNNINGHAM, J., not sitting.

ENTERED: November 18, 2010.

/s/ John D. Minton Jr.
  CHIEF JUSTICE