Clyde F. JOHNSON, Movant,

v.

KENTUCKY BAR ASSOCIATION, Respondent.

No. 2012–SC–000170–KB.

Supreme Court of Kentucky.

April 26, 2012.

---

### OPINION AND ORDER

Movant, Clyde F. Johnson, moves this Court pursuant to SCR 3.480(2) to enter an Order resolving the pending disciplinary proceeding against him (KBA File No. 17793) by giving him a Public Reprimand and ordering him to attend at his expense the next Ethics and Professionalism Enhancement Program offered by the Ken-

his CLE obligation for the educational year ending in June 2012.

tucky Bar Association. Movant admits that his conduct violated SCR 3.130–3.4(c) and SCR 3.130–8.1(b). The KBA has no objection to the motion and for the following reasons, the motion is granted.

## I. BACKGROUND

Movant, KBA Member Number 84172, was admitted to the practice of law in the Commonwealth of Kentucky on October 17, 1991. Movant's bar roster address is 181 East Court Street, 2nd Floor P.O. Box 763, Prestonsburg, Kentucky, 41653. He has not previously been disciplined by the KBA.

On July 28, 2006, a client retained Movant to represent him in a wrongful termination action. The case was removed to Federal Court about a month later. On June 28, 2007, the client and his wife filed a petition for bankruptcy in the United States Bankruptcy Court, Eastern District of Kentucky, Pikeville Division. Movant did not represent the debtors in this bankruptcy.

On January 29, 2008, Robin Browning Brock, the Trustee in bankruptcy, filed a motion requesting the court to order Movant to give her the debtor's file pertaining to his wrongful termination lawsuit. The court granted the motion. However, Movant did not comply with the order and did not give Brock the file. Subsequently, Brock filed a motion requesting Movant be held in contempt of court and to again order him to turn over the debtor's file. The court at a show cause hearing on May 13, 2009, found Movant in contempt of court, fined him $250, and ordered him to turn over his client's wrongful termination case file. While Movant paid the fine, he still failed to give the file to Brock.

On June 6, 2009, Brock filed a second motion to hold Movant in contempt. The court granted the motion and ordered Movant to turn over the file requested by Brock within ten days or face harsh sanctions. On July 29, 2009, Brock filed a notice with the Court that she received the file regarding the debtor's wrongful termination claim in compliance with the court's order.

An Inquiry Commission Complaint was issued on September 15, 2009, to which Movant filed a Response on October 12, 2009. On July 20, 2010 and again on August 13, 2010, bar counsel sent Movant a letter requesting additional information, and informing him that SCR 3.130–8.1(b) requires him to not knowingly fail to respond to a lawful demand for information from a disciplinary authority. Both letters were delivered via regular mail to Movant's bar roster address. Movant, however, failed to respond.

## II. ANALYSIS

Movant admits that his conduct as described in KBA File 17793 violated SCR 3.130–3.4(c) and SCR 3.130–8.1(b). Therefore, Movant requests that he receive a public reprimand and be required to attend the next Ethics and Professionalism Enhancement Program. The KBA does not object to Movant's proposed discipline. SCR 3.480(2) (the KBA may "object[ ] to the terms proposed...."). In support of the negotiated sanction, the KBA cites several cases which disciplined an attorney with a public reprimand for similar misconduct. *Kentucky Bar Association v. Quesinberry*, 203 S.W.3d 137 (Ky.2006), (attorney given a public reprimand and a probated thirty day suspension for failing to respond to a motion to dismiss from the Court of Appeals and for being found in contempt of court); *Moloney v. Kentucky Bar Association*, 152 S.W.3d 866 (Ky.2005) (attorney disciplined by a public reprimand for failing to respond to three show cause orders and misleading his client that his appeal was active).

After reviewing the authorities cited by the KBA and the record, we conclude that the discipline proposed by Movant is adequate. While we strongly disapprove and condemn any attorney's failure to respond to a court order, we note that during the time period Movant committed the misconduct, he was dealing with several family matters including his wife undergoing bypass heart surgery and his father's death. Because of these mitigating factors, we grant Movant's motion.

**ACCORDINGLY, IT IS ORDERED THAT:**

1) Movant, Clyde F. Johnson, KBA Member Number 84172, is found guilty of violating SCR 3.130–3.4(c) and SCR 3.130–8.1(b) and is publicly reprimanded for the above-described and admitted violations;

2) Movant, must at his expense, attend the next scheduled Ethics and Professionalism Enhancement Program offered by the Office of Bar Counsel, separate and apart from his fulfillment of any other continuing education requirement, within one year after entry of the Court order approving this motion. Movant will provide documentation to the Office of Bar Counsel that he did attend the program. Movant will additionally not apply for CLE credit of any kind for attending the ethics program and will provide a waiver to allow the Office of Bar Counsel to review his CLE records to ensure he did not claim any credit;

3) In accordance with SCR 3.450, Respondent must pay all costs associated with these disciplinary proceedings against him, the sum being $39.82, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: April 26, 2012.

/s/ <u>John D. Minton, Jr.</u>

    Chief Justice