Danielle BROWN, Movant,

v.

**KENTUCKY BAR ASSOCIATION,
Respondent.**

No. 2012–SC–000759–KB.

Supreme Court of Kentucky.

Dec. 20, 2012.

---

11. *McDowell v. Jackson Energy RECC*, 84    S.W.3d 71, 77 (Ky.2002).

## OPINION AND ORDER

Danielle Brown, KBA No. 84501, was admitted to the practice of law in the Commonwealth of Kentucky on October 16, 1992, and her bar roster address is listed as 312 Riva Ridge Road, Richmond, Kentucky 40475. She moves this Court to impose the sanction of a public reprimand with conditions for her violations of SCR 3.130–1.15(a), 3.130–8.1(b), and SCR 3.130–3.4(c).[1] The Kentucky Bar Association has

no objection, as the parties have agreed to a negotiated sanction pursuant to SCR 3.480(2).

In 2009, Brown issued six separate checks totaling $738.11 that were to be drawn out of her IOLTA trust account.[2] When each of these checks was presented for payment there were insufficient funds for the transactions. However, all of the checks were paid pursuant to overdraft protection on the account.

In January 2010, the Office of Bar Counsel (OBC) sent a notice to Brown pertaining to notices of insufficient funds transactions on her IOLTA trust account that they had received. The notice requested an explanation pertaining to the transactions and requested copies of certain relevant documents, including bank statements and supporting documents to establish whether or not the overdrafts had been collected. Brown failed to respond to this request. Subsequently, the OBC sent Brown a total of six more requests for information, all of which she failed to respond to. Finally, in September 2011, the Inquiry Commission authorized a subpoena duces tecum pursuant to SCR 3.180 directing Brown to produce records that were material to the investigation. The subpoena was served, and Brown did not comply with or respond to it.

The Charge against Brown alleged three counts: (1) Count I charges Brown with violating SCR 3.130–1.15(a),[3] (2) Count II

---

1. It shall be noted that by order of this Court, Brown was suspended from the practice of law for thirty days on September 20, 2012 for her admitted violations of SCR 3.130–3.4(c) and SCR 3.130–8.1(b).

2. The following checks are at issue: (1) Check number 1190 for $60 posted on December 14, 2009; (2) Check number 1191 for $100 posted on December 15, 2009; (3) Check number 1193 for $24 posted on December 11, 2009; (4) Check number 1194 for $123 posted on

December 10, 2009; (5) Check number 1195 for $300 posted on December 16, 2009; and (6) Check number 1196 for $131.11 posted on December 17, 2009.

3. SCR 3.130–1.15(a) provides that:

   [a] lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be maintained in a separate

charges Brown with violating SCR 3.130–8.1(b),[4] and (c) Count III charges her Brown with violating SCR 3.130–3.4(c).[5] Brown acknowledges that she engaged in the misconduct in violation of the Rules of Professional Conduct as set forth above and agrees to the imposition of discipline for her violations.

In light of her admissions, Brown and the KBA have agreed to a negotiated sanction pursuant to SCR 3.480(2) which would impose a public reprimand with conditions for the aforementioned violations. *Kentucky Bar Ass'n v. Zimmerman*, 324 S.W.3d 413, 414–15 (holding that a public reprimand with conditions was a sufficient sanction for the use of poor judgment in the handling of trust account funds and later failing to respond to multiple requests from the OBC for information regarding the incident). Agreeing that the negotiated sanction proposed in Brown's motion is appropriate, it is ORDERED that:

1. Movant, Danielle Brown, is found guilty of the above-described and admitted violations of the Rules of Professional Conduct and is publicly reprimanded with conditions for those violations;

2. Brown will attend, at her expense, the next scheduled Ethics and Professionalism Enhancement Program offered by the Office of Bar Counsel, separate and apart from her fulfillment of any other continuing education requirement, within twelve (12) months after entry of this Court's order approving the motion;

3. Brown will not apply for CLE credit of any kind for this program. She will furnish a release and waiver to the OBC to review her records in the CLE department that might otherwise be confidential, such release to continue in effect until one year after she completes EPEP, in order to allow the OBC to verify that she has not reported any such hours to the CLE Commission;

4. If Brown fails to comply with any of these terms, including failure to attend and successfully completing the KBA's ethics program, the public reprimand will become a thirty-day suspension upon motion of the OBC to this Court; and

5. In accordance with SCR 3.450, Brown is directed to pay all costs associated with these disciplinary proceedings against her, said sum

account maintained in the state where the lawyer's office is situated or elsewhere with the consent of the client, third person, or both in the event of a claim by each to property. The separate account referred to in the preceding sentence shall be maintained in a bank that has agreed to notify the Kentucky Bar Association in the event that any overdraft occurs in the account. Other property shall be identified as such and appropriately safeguarded. Complete records of such account funds and other property shall be kept by the lawyer and shall be preserved for a period of five years after the termination of representation. Brown admits she violated this rule by issuing six checks on her IOLTA account with insufficient funds in the account.

4. SCR 3.130–8.1(b) provides that "[a] lawyer in connection with ... a disciplinary matter, shall not ... (b) ... knowingly fail to respond to a lawful demand for information from an admission or disciplinary authority ..." Brown admits that she violated this rule by failing to respond to numerous requests from the OBC, and failing to comply with the subpoena duces tecum.

5. SCR 3.130–3.4(c) provides that "[a] lawyer shall not: knowingly disobey an obligation under the rules of the tribunal except for an open refusal based on an assertion that no valid obligation exists...." Brown admits that she violated this rule by failing to comply with the subpoena duces tecum.

being $158.60, for which execution may issue from this Court upon finality of this Opinion and Order.

MINTON, C.J., ABRAMSON, CUNNINGHAM, NOBLE, SCOTT, and VENTERS, JJ., concur. SCHRODER, J., not sitting.

ENTERED: December 20, 2012.

/s/ John D. Minton, Jr.
　　Chief Justice