**KENTUCKY BAR ASSOCIATION, Movant**

v.

**Henry J. CURTIS, Respondent.**

**No. 2012–SC–000826–KB.**

Supreme Court of Kentucky.

March 21, 2013.

**OPINION AND ORDER**

The Board of Governors of the Kentucky Bar Association (KBA) has recommended that Henry J. Curtis be found guilty of three counts of misconduct and be publicly reprimanded.

Curtis was admitted to the practice of law in the Commonwealth of Kentucky on September 1, 1972; his KBA member number is 16305; his bar roster address is Heyburn Building, 332 W. Broadway, Suite 102, Louisville, Kentucky 40202.

Curtis met with a potential client, Monick Stoudemire, in October 2009 about the allegedly wrongful repossession of her car. Ms. Stoudemire paid Curtis $500 as a retainer and $256 in costs and fees to file suit. In September 2010, Curtis filed a civil action on Ms. Stoudemire's behalf against the dealership that repossessed the car and two principals of the dealership. The defendants filed an answer in October 2010.

Over the next several months, Ms. Stoudemire asked for information about the status of her case on multiple occasions. Curtis did not respond to these inquiries.

In April 2011, Ms. Stoudemire filed a bar complaint. Curtis answered the complaint in August 2011, stating in part "that he should be allowed to repair the relationship with his client by pursuing her claim in an expeditious manner." That same day, he served a set of interrogatories on the defendants.

After that, Curtis took no further action in the case, and he did not contact Ms. Stoudemire. Ms. Stoudemire has been unable to contact Curtis, despite calling and visiting his office.

In July 2012, the Inquiry Commission issued a formal three-count charge against

Curtis alleging a violation of SCR 3.130–1.3 ("A lawyer shall act with reasonable diligence and promptness in representing a client."), SCR 3.130–1.4(a)(3) ("A lawyer shall … keep the client reasonably informed about the status of a matter."), and SCR 3.130–1.4(a)(4) ("A lawyer shall … promptly comply with reasonable requests for information.").

A copy of the charge was sent to Curtis's bar roster address by certified mail, but it was returned unclaimed. Personal service by a deputy sheriff was also unsuccessful. Service was completed under SCR 3.175(2) by serving the Executive Director of the KBA. Curtis has filed no answer to the charge.

As a result, this matter proceeded as a default case under SCR 3.210(1) before the Board of Governors. After considering the facts laid out above, the Board voted 20 to 0 to find Curtis guilty of the three counts. The Board then considered Curtis's history of prior discipline, which consisted of a private admonition in October 2011 for not having a contingency fee agreement in writing and a second private admonition in June 2012 for failing to respond to a bar complaint.

The Board voted 20 to 0 to recommend a public reprimand and payment of costs. The Board voted 14 to 6 to recommend requiring that Curtis return the $500 retainer to Ms. Stoudemire.

At this point neither the KBA's Office of Bar Counsel nor Curtis have sought review by the Court under SCR 3.370(8). Furthermore, this Court declines to undertake review pursuant to SCR 3.370(9), meaning that the Board's recommendation is adopted pursuant to SCR 3.370(10).

### Order

ACCORDINGLY, IT IS ORDERED THAT:

1. Henry J. Curtis is found guilty of the above-described and admitted violations of the Rules of Professional Conduct.

2. Curtis is publicly reprimanded for those violations.

3. Curtis is directed to return the $500 retainer fee to Ms. Stoudemire within 60 days.

4. In accordance with SCR 3.450, Curtis is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $318.89, for which execution may issue from this Court upon finality of this Opinion and Order.

MINTON, C.J.; ABRAMSON, CUNNINGHAM, NOBLE, SCOTT and VENTERS, JJ., sitting. All concur.

ENTERED: March 21, 2013.

/s/ <u>John D. Minton, Jr.</u>
Chief Justice