TO BE PUBLISHED

**Supreme Court of Kentucky**

2014-SC-000043-KB

FINAL
DATE 4-29-14 ~~~~~

KENTUCKY BAR ASSOCIATION

MOVANT

V.                                   IN SUPREME COURT

CLYDE F. JOHNSON                                      RESPONDENT
KBA Member No. 84172

## OPINION AND ORDER

The Board of Governors (the Board) of the Kentucky Bar Association

(KBA) recommends this Court suspend Clyde F. Johnson (Johnson) from the

practice of law for thirty (30) days; require Johnson's attendance to the Ethics

and Professional Enhancement Program (EPEP); and refer Johnson to the

Kentucky Lawyers' Assistance Program (KYLAP). Finding sufficient cause to do

so, we adopt the Board's recommendations. Johnson, whose KBA number is

84172 and whose bar address is 181 East Court Street, P.O. Box 763,

Prestonsburg, Kentucky 41653, was admitted to the practice of law in the

Commonwealth of Kentucky on October 17, 1991.

## I. BACKGROUND

### A.    Procedural History and Charges

On February 13, 2013, the Inquiry Commission issued a complaint and

subsequently issued charges accusing Johnson of violating SCR 3.130-1.3(c) –

which states, "[a] lawyer shall act with reasonable diligence and promptness in

representing a client;" SCR 3.130-1.4(a) – which states in pertinent part, "[a] lawyer shall (3) keep the client reasonably informed about the status of the matter; [and] (4) promptly comply with reasonable requests for information;" and SCR 3.130-1.16(d) – which states in pertinent part, "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client . . . and refunding any advance payment of fee or expense that has not been earned or incurred."

These charges arose from actions Johnson took while representing Mike and Debby Goodman (the Goodmans) in an action to enforce a tax lien on real property. After Mr. Goodman met with Johnson on May 7, 2010, for a free consultation, Mr. Goodman paid Johnson $500.00, an amount which Johnson estimated as fees and costs for the case. For more than two years following the initial consultation, Mr. Goodman attempted to contact Johnson many times about the pendency of their matter. Having not spoken to Johnson since May 7, 2010, on August 13, 2012, Mr. Goodman sent Johnson a letter via certified mail demanding the return of the $500.00, but the letter was returned unclaimed.

On October 10, 2012, the Goodmans filed a bar complaint against Johnson. On November 19, 2012, Johnson responded to the complaint by stating he admitted the allegations of the complaint in essence, and that he had failed to vigorously pursue the Goodmans' case. Johnson also outlined remedial measures to ensure a similar problem would not occur again.

2

Johnson then returned the $500.00 to Mr. Goodman in December 2012. On February 13, 2013, the Inquiry Commission issued the aforementioned complaint with three (3) charges. Count I of the charge alleges Johnson violated SCR 3.130-1.3(c) by failing to diligently pursue or file the Goodmans' case. Count II of the charge alleges Johnson violated SCR 3.130-1.4(a) by not communicating with the Goodmans about the status of their case, by not returning their phone calls, and by not responding to their letters requesting information. Count III of the charge alleges Johnson violated SCR 3.130-1.16(d) by abandoning the Goodmans' case and not refunding the unearned fee until a subsequent bar complaint was filed against him.

On March 11, 2013, Johnson filed an answer to the charges in which he admitted the veracity of every statement of the charge. Additionally, Johnson accepted responsibility for his actions, and stated he was willing to accept discipline as deemed appropriate. On July 10, 2013, the Louisville Courier-Journal reported that Johnson disappeared on or about June 24, 2013. Johnson remains missing. On August 14, 2013, Bar Counsel filed a motion to submit briefs to the Board pursuant to SCR 3.210(2).

On August 26, 2013, Emergency Temporary Curators appointed by the Floyd Circuit Court filed a response on behalf of Johnson in opposition to Bar Counsel's motion. On August 28, 2013, Bar Counsel filed a reply to the response stating that the Emergency Temporary Curators do not represent Johnson in this disciplinary matter and that Johnson had already admitted the veracity of the allegations in the charge. On September 9, 2013, the President,

3

President Elect, and Vice President granted Bar Counsel's motion to submit briefs. Johnson has not replied to Bar Counsel's brief.

**B. The Board's Findings of Fact, Conclusions of Law, and Recommendations**

The Board, after summarizing the above, found that Johnson: was properly served with the Commission's complaint; filed a response admitting the veracity of every statement set forth therein; and was prepared to accept his discipline.

Based on its findings, the Board, by a vote of 17-0, recommended that Johnson be found guilty on all three counts. Considering that Johnson had a prior history of multiple instances of discipline, the Board recommended, by a vote of 11-6, that Johnson be: suspended from the practice of law for thirty (30) days; required to attend EPEP; and referred to KYLAP.

## II. ANALYSIS

Johnson has not contested the accuracy of the charges and there is sufficient evidence to support the Board's findings of fact. Therefore, we accept the Board's recommendation and find Johnson guilty of violating SCR 3.130-1.3(c), SCR 3.130-1.4(a), and SCR 3.130-1.16(d). Additionally, we find that the Emergency Temporary Curators were appointed for the maintenance of Johnson's law firm, which is solely separate and apart from a disciplinary action; furthermore, Johnson previously admitted the veracity of the allegations in the charges against him. We therefore give the Emergency Temporary Curators' argument no weight. As to the appropriate punishment, Bar Counsel recommended in its brief to the Board that a public reprimand

4

would be the appropriate sanction. Johnson never replied to Bar Counsel's brief. Bar Counsel argued that case law concerning similar violations and the existence of aggravating factors supported that penalty.

In *Lutes v. Kentucky Bar Ass'n*, 338 S.W.3d 278 (Ky. 2011), Lutes's clients paid him $375.00 to represent their interests in a child visitation action. Lutes failed to work on the case and failed to communicate with his clients. Moreover, he placed the $375.00 in his operating account prior to it being earned, and the $375.00 was not returned until a bar complaint was filed against him. Lutes admitted the violation of SCR 3.130-1.3, 1.4(a), 1.15(a) & (b), and 1.16(d); he agreed to a public reprimand with the condition that he attend EPEP. Lutes's disciplinary record consisted of a private admonition in 2009 for similar wrongdoing, and an ongoing suspension for a failure to pay bar dues at the time of the 2011 case.

In *Kentucky Bar Ass'n v. Zimmerman*, 324 S.W.3d 413 (Ky. 2010), Zimmerman failed to return nearly fifty telephone calls over a six-month period, neglected the client's case, failed to disburse settlement proceeds, abandoned the client's case, and failed to respond to requests for information regarding the ethics charges against him. After we found Zimmerman guilty of violating SCR 3.130-1.3, 1.4(a), 1.16(d), and 8.1(b), this Court publicly reprimanded Zimmerman and ordered him to attend EPEP.

In *Laurin v. Kentucky Bar Ass'n*, 282 S.W.3d 325 (Ky. 2009) Laurin, who had previously received two private admonitions, received a public reprimand with conditions for failing to create a tax-exempt organization for his client; for

5

failing to promptly attempt to obtain said tax-exempt status; and for failing to adequately respond to his client's reasonable requests for information regarding the status of the case. We found Laurin violated SCR 3.130-1.1, 1.3, and 1.4(a).

In *Riley v. Kentucky Bar Ass'n*, 262 S.W.3d 203 (Ky. 2008), Riley, who previously received a private admonition for violating SCR 3.130-1.3 and 1.4(a), failed to communicate or return a client's phone calls about the progress of her uncontested divorce. Additionally, Riley terminated his representation without refunding any part of the unearned advance fee or without contacting the client. He agreed to a public reprimand for violating SCR 3.130-1.3, 1.4(a), and 1.16(d).

In *Kentucky Bar Ass'n v. Robey*, 198 S.W.3d 587 (Ky. 2006), Robey failed to communicate with the client; failed to return the client's file after several requests to do so; and failed to respond to the KBA charges issued against him. We found Robey violated SCR 3.130-1.4(a), and 1.16(d), and issued a public reprimand.

The KBA also cited two cases regarding the use of mitigating and aggravating circumstances, one of which involved Johnson. In *Anderson v. Kentucky Bar Ass'n*, 262 S.W.3d 636 (Ky. 2008), we determined aggravating and mitigating circumstances may be relevant in determining appropriate sanctions. In *Johnson v. Kentucky Bar Ass'n*, 364 S.W.3d 192 (Ky. 2012), we found that Johnson violated SCR 1.130-3.4(c) & 8.1(b), and we publicly reprimanded and required him to attend EPEP.

6

## III. CONCLUSION

Having reviewed the preceding cases, we agree with the Board's recommendation for two reasons. First, unlike the majority of the attorneys noted above who received a public reprimand, Johnson's misbehavior was the third of its kind since his bar admission in 1991. On February, 20, 2009, the KBA Inquiry Commission issued a private admonition against Johnson for not timely filing a summary judgment order in a civil action. Furthermore, on April 26, 2012, we issued a public reprimand against Johnson for failing to comply with several court orders requiring him to turn over client files to a bankruptcy trustee. Johnson admitted his violation of SCR 3.130-3.4(c) & 8.1(b), and we required his attendance to EPEP in addition to his public reprimand. Lastly, Johnson was suspended from the practice of law on February 17, 2010 for a 2008-2009 violation of CLE requirements. Johnson was reinstated by an order dated April 16, 2010.

Second, although Johnson admitted the allegations set forth in the charge, Johnson has since absconded and remains missing. This Court does not want to encourage Kentucky lawyers to disappear from the Commonwealth while under threat of ethical violations, leaving their clients' legal interests vulnerable. Therefore, we adopt the Board's recommendation.

ACCORDINGLY, IT IS ORDERED THAT:

1. Respondent, Clyde F. Johnson, KBA Member No. 84172, is found guilty of the above-described and admitted violations of the Rules of Professional Conduct;

2. Respondent is suspended from the practice of law in Kentucky for a period of thirty (30) days beginning ten (10) days after entry of this Order;

3. Respondent will attend, at his own expense, and successfully complete the next scheduled EPEP offered by the Office of Bar Counsel, separate and independent of any other continuing education requirement;

4. Respondent will not apply for CLE credit of any kind for his participation in EPEP. Respondent will furnish a release and waiver to the Office of Bar Counsel to review his records in the CLE department that might be otherwise confidential, with such release to continue in effect for one (1) year after he completes EPEP to allow Bar Counsel to verify that he has not reported any of the EPEP hours to the CLE Commission;

5. Respondent shall participate in an evaluation performed by a professional of KYLAP and fully comply with any resulting recommendations from such evaluation; and

6. In accordance with SCR 3.450, Johnson is directed to pay the costs of this action in the amount of $211.83, for which execution may issue from this Court upon finality of this Opinion and Order.

8

Minton, C.J., Abramson, Cunningham, Keller, Noble and Venters, JJ., concur. Scott, J., not sitting.

ENTERED: April, 17, 2014

_____
CHIEF JUSTICE