TO BE PUBLISHED

# Supreme Court of Kentucky

## 2014-SC-000718

KENTUCKY BAR ASSOCIATION                                             MOVANT

V.                          IN SUPREME COURT

CLYDE F. JOHNSON                                              RESPONDENT

## OPINION AND ORDER

The Board of Governors (the Board) of the Kentucky Bar Association (KBA) recommends this Court suspend Clyde F. Johnson (Johnson) from the practice of law for five (5) years; and that we order Johnson to make full restitution to his clients in the matters before this Court. Finding sufficient cause to do so, we adopt the Board's recommendations. Johnson, whose KBA number is 84172 and whose bar address is 181 East Court Street, P.O. Box 763, Prestonsburg, Kentucky 41653-0763, was admitted to the practice of law in the Commonwealth of Kentucky on October 17, 1991.

## I. BACKGROUND.

### A.     Procedural History and Charges.

The Board's recommendation stems from three separate charges, all of which involve Johnson's failure to perform any legal work for clients after entering into retainer agreements and taking retainer fees. At the outset, we note that, on June 24, 2013, Johnson absconded from Floyd County, Kentucky

where he resided and practiced law. The Kentucky State Police designated Johnson as a missing person, and the Floyd Circuit Court appointed a curator for Johnson's practice. The curator filed a report in response to one of the charges, KBA File 22172, stating that he believes "Clyde Johnson is alive, voluntarily left and has taken measures to conceal his whereabouts." It appears from a newspaper article[1] in the record that Johnson has absconded to Texas. Johnson has not filed any responses to the charges.

**1. KBA File No. 22172.**

On February 20, 2014, the Inquiry Commission filed a one-count charge against Johnson for violation of SCR 3.130-1.16(d) which states in pertinent part, "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client . . . and refunding any advance payment of fee or expense that has not been earned or incurred."

This charge arose from Johnson's representation of two clients in a quiet title action. On May 15, 2013, the clients executed a retainer agreement and paid Johnson an initial consultation fee of $150 and a $1,500 retainer fee. Johnson disappeared on June 24, 2013, without having performed any legal work and without having refunded the retainer fee. The clients filed a complaint with the KBA, which the KBA forwarded to Johnson. When Johnson

---

[1] Bill Estep, *Missing Floyd County lawyer found in Texas campground*, Lexington-Herald Leader, (October 24, 2013), http://www.kentucky.com/2013/10/24/2893351_missing-floyd-county-lawyer-found.html?rh=1.

2

did not respond, the Inquiry Commission filed the above referenced charge, which it unsuccessfully attempted to serve on Johnson. Therefore, the Commission served the Executive Director of the KBA pursuant to SCR 3.175(2). Johnson has not responded to the charge.

## 2. KBA File No. 22232.

On January 17, 2014, the Inquiry Commission filed a three count charge against Johnson for violating: (1) SCR 3.130-1.3(c) which states, "[a] lawyer shall act with reasonable diligence and promptness in representing a client;" (2) SCR 3.130-1.16(d) which states in pertinent part, "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client . . . and refunding any advance payment of fee or expense that has not been earned or incurred;" and (3) SCR 3.130-8.4(c) which states "[i]t is professional misconduct for a lawyer to . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

Those charges arose from Johnson's April 13, 2012 agreement to represent a couple in two matters - an estate partition action and an action to enforce and foreclose on tax liens in a different estate. The clients met with Johnson four or five times and each time Johnson advised them that he was diligently working on their case. In 2013, the curator informed the clients that a missing persons report had been filed with the Kentucky State Police regarding Johnson. Upon receipt of that letter, the clients went to Johnson's office and discovered that no work had been performed on their cases.

3

The clients then filed a complaint with the KBA. The KBA took the appropriate steps to notify Johnson of the complaint and, upon receiving no response, the Inquiry Commission issued the above referenced charge. The KBA, as it did with the charge in File No. 22172, attempted to serve Johnson and, when it was unsuccessful, served the Executive Director pursuant to SCR 3.175(2). Johnson has not responded to this charge.

### 3. KBA File No. 22712.

On July 30, 2014, the Inquiry Commission filed a three count charge against Johnson based upon the following violations: (1) SCR 3.130-1.3 which states, "[a] lawyer shall act with reasonable diligence and promptness in representing a client;" (2) SCR 3.130-1.4(a)(4) which states "[a] lawyer shall . . . promptly comply with reasonable requests for information;" and (3) SCR 3.130-1.16(d) which states in pertinent part, "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel . . . and refunding any advance payment of fee or expense that has not been earned or incurred."

These charges arose from Johnson's agreement to represent a client with regard to correction of errors on a Master Commissioner's Deed. The client signed a retainer agreement and paid Johnson a $150 initial consultation fee and a $1,500 retainer fee. The client called Johnson several times about her case, but Johnson never returned her calls. On July 6, 2013, the curator notified the client by mail of Johnson's disappearance. Thereafter, the client

4

retrieved her file from Johnson's office at which time she discovered that he had not performed any work on her case.

The client filed a complaint with the KBA. The KBA took the appropriate steps to notify Johnson of the complaint and, upon receiving no response, the Inquiry Commission issued the above referenced charge. The KBA, as it did with the charge in File No. 22172 and File No 22232, attempted to serve Johnson and, when it was unsuccessful, served the Executive Director pursuant to SCR 3.175(2). As with the preceding two charges, Johnson has not responded to the charge in File No. 22712.

## B. The Board's Findings of Fact, Conclusions of Law, and Recommendations.

The Board, after summarizing the salient facts and charges, unanimously found that Johnson is guilty of all counts contained in the charges in File Nos. 22172, 22232, and 22712. In determining what sanctions to impose, the Board considered the preceding charges and the following history of prior disciplinary actions involving Johnson. On February 20, 2009, this Court privately admonished Johnson for violating SCR 3.130-1.3 and SCR 3.130-1.4(a) based on his failure to timely prepare and file a summary judgment order. On April 26, 2012, this Court publically reprimanded Johnson, with conditions, for violating SCR 3.130-3.4(c) and SCR 3.130-8.1(b) based on his failure to timely respond to an order from a federal bankruptcy court. *Johnson v. Kentucky Bar Ass'n*, 364 S.W.3d 192 (Ky. 2012). The reprimand was conditioned on Johnson successfully completing the Ethics and Professionalism Enhancement Program (EPEP), which he did. On April 17,

5

2014, this Court suspended Johnson for thirty (30) days for his admitted violations of SCR 3.130-1.3, SCR 3.130-1.4(a)(3) and (4), and SCR 3.130-1.16(d) based, in part, on his failure to perform legal work after taking a retainer fee. Johnson's suspension was conditioned on completion of the next scheduled EPEP; participation in an evaluation performance by a professional from the Kentucky Lawyer Assistance Program (KYLAP); and full compliance with any recommendations resulting from the evaluation. *Kentucky Bar Ass'n v. Johnson*, 437 S.W.3d 137 (Ky. 2014). In addition to the preceding, the Board noted that Johnson had been temporarily suspended on February 17, 2010 for CLE non-compliance, but was subsequently reinstated. Finally, the Board noted that Johnson's license is currently suspended for non-payment of dues for 2013-2014.

The Board members could not unanimously agree on the appropriate sanction to recommend. Twelve members voted to suspend Johnson from the practice of law for five years to run consecutively with any current suspension. Three members voted to suspend Johnson from the practice of law for a period of one year to run consecutively with any current suspension. Three members voted to permanently disbar Johnson. However, all of the members agreed that any sanction should include full restitution to the clients in KBA File Nos. 22172, 22232, and 22712.

Thus, the Board, by majority vote, recommends to this Court that Johnson be suspended from the practice of law for five years to run consecutively with any current suspension and that Johnson be ordered to pay

6

full restitution to the clients in KBA File Nos. 22172 ($1,500), 22232 ($1,000), and 22712 ($1,500). The cost of this proceeding as certified by the disciplinary clerk is $800.35, which the Board asks this Court to assess against Johnson pursuant to SCR 3.450.

## II. ANALYSIS.

Although Johnson had not responded to any of the charges, his curator filed a report in response to the charge in KBA File No. 22172 stating that he believes "Clyde Johnson is alive, voluntarily left and has taken measures to conceal his whereabouts." Because Johnson has not responded to any of the charges and the curator's report does not address the charges, we accept the Board's recommendation and find Johnson guilty of violating SCR 3.130-1.3, SCR 3.130-1.4, SCR 3.130-1.16(d), SCR 3.130-8.4(c) as set forth in KBA File Nos. 22172, 22232, and 22712.

As to the appropriate sanction, Bar Counsel recommended in its brief the sanction recommended by the majority of the Board - suspension from the practice of law for five (5) years to run consecutively with any current suspension and payment of full restitution to the clients in KBA File Nos. 22172, 22232, and 22712. Johnson has not responded to Bar Counsel's brief and has not otherwise challenged Bar Counsel's recommendation.

Having reviewed this matter, we agree with the recommendation of the majority of the Board as it is reasonable and in keeping with the sanctions imposed in similar cases. In *Kentucky Bar Ass'n v. Hammond*, 241 S.W.3d 310 (Ky. 2007), we held that a five-year suspension was reasonable as disciplinary

punishment for Hammond's actions, which included: failure to act with reasonable diligence in six clients' cases (SCR 3.130-1.3); failure to return four clients' unearned attorney fees after termination of representation (SCR 3.130-1.16(d)); and failure to communicate with four clients (SCR 3.130-1.4(a)). In doing so, we noted that Hammond had received three private admonitions for the same type of misconduct in the preceding three years.

More recently, in *Kentucky Bar Ass'n v. Goble*, 424 S.W.3d 423 (Ky. 2014), a divided Court held that a five-year suspension, as opposed to permanent disbarment, was an appropriate sanction for Goble, who, as fiduciary of a company's 401(k) plan, issued paychecks from an account he knew had insufficient funds. Based on his actions, Goble was convicted of criminal acts which reflected adversely on his fitness as a lawyer (3.130–8.4(b)) and we found that he also violated our prohibition on conduct involving dishonesty or misrepresentation (SCR 3.130–8.4(c)). Chief Justice Minton, joined by Justice Abramson, dissented, stating that "that the financial misconduct that resulted in Goble's three felony convictions evinces a breach of trust that warrants permanent disbarment from the practice of law." *Id.* at 429.

In *Kentucky Bar Ass'n v. Hall*, 173 S.W.3d 621 (Ky. 2005), we held that a five year suspension was warranted for an attorney who took retainer fees from multiple clients, and either did not perform any legal work or did not timely perform that work. Hall's actions constituted multiple violations of: SCR 3.130–1.1 (competence), 1.3 (diligence), 1.4(a) and (b) (communication), 1.15(b) (safekeeping property), 1.16(d) (declining or terminating representation), 3.4(c)

8

(fairness to opposing party and counsel), 8.1(b) (bar admission and disciplinary matters), and 8.3(c) (reporting professional misconduct).

Johnson's actions are similar to those in the aforementioned cases. Therefore, we adopt the Board's recommendation.

ACCORDINGLY, IT IS ORDERED THAT:

1.  Respondent, Clyde F. Johnson, KBA Member No. 84172, is found guilty of the above-described violations of the Rules of Professional Conduct;

2.  Respondent is suspended from the practice of law in Kentucky for a period of five (5) years beginning ten (10) days after entry of this Order;

3.  Respondent is ordered to make full restitution in the amount of: $1,500 for KBA File No. 22172; $1,000 for KBA File No. 22232; and $1,500 for KBA File No. 22712;

4.  Pursuant to SCR 3.390, Respondent, if he has not already done so, shall, within ten days from the entry of this Opinion and Order, notify all clients in writing of his inability to represent them, and notify all courts in which he has matters pending of his suspension from the practice of law, and furnish copies of said letters of Notice to the Office of Bar Counsel, assuming that this is necessary given that he is currently suspended from the practice of law;

5.  Pursuant to SCR 3.390, Respondent shall, to the extent possible and necessary, immediately cancel and cease any advertising activities in which he is engaged;

9

6.    Pursuant to SCR 3.390, Respondent shall not, during the term of suspension, accept new clients or collect unearned fees; and

7.    In accordance with SCR 3.450, Respondent is directed to pay the costs of this action in the amount of $800.35, for which execution may issue from this Court upon finality of this Opinion and Order.

Minton, C.J.; Abramson, Cunningham, Keller, Noble and Venters, JJ., concur. Barber, J., not sitting.

ENTERED: April 2, 2015

_____
CHIEF JUSTICE