TO BE PUBLISHED

# Supreme Court of Kentucky

2023-SC-0555-KB

NICHOLAS SCOTT CALMES [1]                                               MOVANT


V.                              IN SUPREME COURT


KENTUCKY BAR ASSOCIATION                                          RESPONDENT


## OPINION AND ORDER

Nicholas Scott Calmes[1] moves this Court to enter a negotiated sanction pursuant to Supreme Court Rule (SCR) 3.480(2) to resolve two pending disciplinary proceedings against him.  Calmes proposes a thirty-day suspension, probated for two years, subject to conditions.  The Kentucky Bar Association (KBA) has no objection.  After review, we conclude that the proposed sanction is adequate.

## BACKGROUND

This case involves two KBA disciplinary matters: 22-DIS-0182 and 23-DIS-0055.  We address each in turn.

---

[1] Calmes, KBA Member Number 96187, was admitted to practice law in the Commonwealth on October 17, 2014.  His bar roster address is 375 Richmond Road, Irvine, Kentucky 40336.

William Stacy hired Calmes to represent him in a contractual dispute with a vendor who failed to properly repair a transmission for Stacy's vehicle. Stacy did not hire Calmes until after Stacy had already filed a small claims suit in Madison County. In his bar complaint, Stacy stated that Calmes repeatedly told him the defendant in the small claims suit had been served, that there were court dates to attend, and that the defendant was interested in negotiating a settlement. Stacy later discovered that all this information was false.

In July 2022, Stacy filed a Bar Complaint and Calmes confirmed receipt of the Complaint on August 3, 2022. The Complaint mailing also included information on how to properly file a Response. However, Calmes failed to file a response. On October 11, 2022, the Inquiry Commission issued a three-count Charge against Calmes. Count I alleged a violation of SCR 3.130(1.3) for failure to represent the interests of his client promptly and diligently. Count II alleged a violation of SCR 3.130(8.4)(c) for the misrepresentative statements Calmes made to Stacy. Count III alleged a violation of SCR 3.130(8.1)(b) for failing to respond to a lawful request for information in the disciplinary process.

Calmes was personally served with the Charge via Sheriff on November 28, 2022, but did not file an Answer to the Charge or communicate with the Office of Bar Counsel until February 2023. At that time, Calmes called the Office of Bar Counsel to inquire about surrendering his law license, but Bar

Counsel had already drafted a Motion for Suspension pursuant to SCR 3.167 and was prepared to file it with this Court. Calmes did not respond to the motion and on April 17, 2023, this Court issued a show cause order directing Calmes to state why he should not be indefinitely suspended pursuant to SCR 3.167.

On May 9, 2023, Calmes responded to the Court's show cause order and explained his shortcomings. Despite Calmes not having filed a formal response to the Bar Complaint or an answer to the Charge, on June 15, 2023, this Court denied the KBA's motion for indefinite suspension and directed Calmes to file a formal answer to the Charge with the Inquiry Commission within thirty days.

On September 5, 2023, Calmes filed a motion for permission to file a late answer to the Charge, which was granted on September 18, 2023. In his answer, Calmes acknowledged that his representation of Stacy fell short of what was required by the Supreme Court Rules. He admitted that he originally had a plan for the representation of his client, but that he got busy and set the matter aside. Instead of informing Stacy about the lack of activity in the case, he misstated the progress in the case to ease the concerns of his client. Ultimately, Calmes acknowledged violation of the rules contained in the Charge.

### KBA File 23-DIS-0055

In the fall of 2020, Calmes was hired to represent James Mullins in a property dispute. Mullins alleged that his neighbor was trespassing and causing damage to his property. Calmes agreed to send a warning letter to the

3

neighbor to threaten a civil action for damages if the trespassing acts continued. Calmes sent the letter but, according to Mullins, the offending neighbor did not cease the trespassing acts or rectify the property damage. Calmes did not follow through with filing suit as he had promised his client.

Mullins filed a Bar Complaint, which was sent to Calmes. Despite being personally served with the Complaint by Sheriff on April 3, 2023, Calmes failed to respond. On June 27, 2023, the Inquiry Commission issued a two-count Charge against Calmes. Count I alleged a violation of SCR 3.130(1.3) for failing to diligently act on behalf of his client. Count II of the Charge alleged a violation of SCR 3.130(8.1)(b) for knowingly failing to respond to a lawful demand for information from a disciplinary authority.

On August 25, 2023, Calmes filed a motion with the Inquiry Commission requesting permission to file a late answer. That motion was granted on September 6, 2023. In his answer, Calmes acknowledged his violation of the rules in the Charge. Calmes explained the work he performed on the case, including contacting the Environmental Protection Agency, and that he told Mullins his claim would likely fail. Nevertheless, Calmes explained that he did not follow through with the filing of a civil action or pursue possible alternatives to receive results for Mullins.

The two pending disciplinary files were consolidated on November 13, 2023. On December 18, 2023, Calmes filed the present motion for a negotiated sanction. In his motion, Calmes again acknowledges his shortcomings in complying with the Supreme Court Rules but presents some mitigating

4

information to explain those shortcomings. Calmes asserts that he was struggling with difficult personal matters during the time of the conduct in both disciplinary matters. In 2022, Calmes moved back in with his mother and father to help both parents as they faced significant health ailments. Additionally, during this same time, Calmes's solo law practice was without a secretary or paralegal. He admits that the combination of being overwhelmed in maintaining his law practice and overseeing the care of his ailing parents distracted him from zealous adherence to the rules of professional responsibility.

Calmes proposes a thirty-day suspension, probated for two years, with conditions: that he have no more disciplinary charges filed against him; that he timely pay his KBA membership dues; that he timely satisfy all continuing legal education requirements; and that he pay all costs associated with these proceedings. If he violates any of the terms of probation within two years of the entry of the Order, the KBA may file a motion directing him to show cause, if any, why the probated thirty-day suspension should not be imposed. The KBA has no objection.

## ANALYSIS

The negotiated sanction rule provides that "[t]he Court may consider negotiated sanctions of disciplinary investigations, complaints or charges" if the parties agree. SCR 3.480(2). Upon receiving a motion under this Rule, "[t]he Court may approve the sanction agreed to by the parties, or may remand the case for hearing or other proceedings specified in the order of remand." *Id.*

5

Thus, acceptance of the proposed negotiated sanction falls within the discretion of this Court.

Case law supports the imposition of the sanction Calmes proposes. In *Chewning v. Kentucky Bar Association,* 605 S.W.3d 332, 333 (Ky. 2020), an attorney pled guilty to criminal attempt to commit eavesdropping, a Class A misdemeanor, and the Inquiry Commission issued a two-count Charge. The attorney admitted to violating two rules of professional conduct, and the Court accepted his proposed sanction of a thirty-day suspension, probated for two years, with conditions. *Id.* at 334.

Similarly, in *Bamberger v. Kentucky Bar Association,* 36 S.W.3d 758, 758 (Ky. 2001), Attorney Bamberger failed to respond to his client's requests for information and did not take reasonable measures to finalize the client's divorce proceedings. Bamberger admitted to violating two rules of professional conduct and, as a result, agreed to a thirty-day suspension, probated for one year, with conditions. *Id.* at 758-59.

*Kentucky Bar Association v. Cook,* 281 S.W.3d 290, 291 (Ky. 2009) involved two disciplinary cases in which Attorney Cook failed to submit answers to discovery requests and failed to respond to trial court orders, resulting in a claim being dismissed with prejudice. In addition, the client's numerous attempts to contact Cook were unsuccessful and Cook improperly retained an unearned portion of a fee. *Id.* Cook also filed untimely responses throughout the disciplinary proceedings. *Id.* Cook admitted to violating the rules and the Court imposed a two-year suspension, thirty days to serve with

6

the remainder probated for two years and ordered KYLAP supervision. *Id.* at 292.

In *Kentucky Bar Association v. Curtis*, 392 S.W.3d 925, 926 (Ky. 2013), Attorney Curtis failed to diligently and promptly represent a client, as required by SCR 3.130(1.3). Curtis was also charged with violations for failing to properly communicate with a client. *Id.* The Court deemed that a public reprimand was an appropriate sanction. *Id.*

In *Kentucky Bar Association v. Johnson*, 437 S.W.3d 137, 138-39 (Ky. 2014), the Court determined that Attorney Johnson failed to respond to a client's attempts to contact him for three months, abandoned the client's cases, and failed to refund an unearned fee until a disciplinary action was filed against him. The Court also found that Johnson failed to act with reasonable diligence in representation of his clients. *Id.* at 141. The Court imposed a thirty-day suspension for Johnson's violation of multiple rules. *Id.*

In *Kentucky Bar Association v. Rye,* 336 S.W.3d 462, 464 (Ky. 2011), Attorney Rye violated two rules of professional conduct by misleading a tribunal and failing to respond to a lawful demand for information from a disciplinary authority. The Court issued a public reprimand. *Id.* These cases are like Calmes's case in that multiple rules were violated, and all involve an attorney's failure to act with diligence in representation of a client. In addition to caselaw, the *ABA Standards for Imposing Lawyer Sanctions* support the proposed discipline. While Calmes committed multiple offenses and demonstrated a pattern of misconduct, he also admitted that he was dealing

with personal and emotional issues due to the struggle of caring for two ailing parents and dealing with solo law office management. Further, Calmes acknowledged he fell short of what the rules of professional conduct require and takes responsibility for his behavior. The proposed sanction of a thirty-day suspension, probated for two years, is consistent with the sanctions this Court outlined herein for similar conduct.

## CONCLUSION

After review, we agree that a thirty-day suspension probated for two years is appropriate discipline.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. Nicholas Scott Calmes, KBA Member Number 96187, is hereby suspended for thirty days, probated for two years, for his violation of SCR 3.130(1.3), 3.130(8.4)(c), and 3.130(8.1)(b) in KBA file 22-DIS-0182, and for his violation of SCR 3.130(1.3) and 3.130(8.1)(b) in KBA file 23-DIS-0055. The suspension is probated for two years on the following terms and conditions:

   a. Calmes shall have no more disciplinary charges filed against him.

   b. Calmes shall timely pay his KBA membership dues.

   c. Calmes shall timely satisfy all continuing legal education requirements.

2. If Calmes violates the terms of probation within two years from the date of this Order, the Kentucky Bar Association may file a motion

8

with the Supreme Court requesting the issuance of a show cause order directing Calmes to show cause, if any, why the two-year suspension should not be imposed.

3. In accordance with SCR 3.450, Calmes is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $291.94, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: February 15, 2024.

_____
CHIEF JUSTICE LAURANCE B. VANMETER

9