**KENTUCKY BAR ASSOCIATION,**
**Complainant,**

v.

**Thomas F. TOWLES, Respondent.**

**No. 89-SC-932-KB.**

Supreme Court of Kentucky.

Feb. 8, 1990.

Reconsideration Denied April 26, 1990.

Bruce K. Davis, Janis E. Clark, Kentucky Bar Ass'n, Frankfort, for complainant.

Thomas F. Towles, Georgetown, pro se.

### OPINION AND ORDER

This matter is before the Court on its own motion pursuant to SCR 3.669.

At the end of education year 1987–88, respondent was notified that he was deficient in Continuing Legal Education (CLE) requirements. At that time respondent received a time extension and submitted a plan for making up the deficiency, which was approved by the CLE Commission. SCR 3.668(4). SCR 3.668(4) only allows an attorney to avail him/herself of its benefits provided that the Commission has not approved such a plan for the member for either of the two preceding educational years. Respondent again had a CLE deficiency for the educational year 1988–89. Relying on his experience from the preceding year, respondent submitted a plan to makeup his deficiency. The CLE Commission did not approve the plan because respondent was not eligible.

Respondent does not dispute the fact that he was delinquent but asks that he not be suspended for his delinquency, claiming honest mistake and good intentions. SCR 3.669 mandates that an attorney who fails to meet the educational requirements of SCR 3.665 be suspended from the practice of law unless he/she can show "good cause" to do otherwise. An attorney's ignorance is not good cause and accordingly the respondent is suspended from the practice of law for thirty (30) days.

Nevertheless, because respondent's violation was not willful but negligent, and because the requirements of this rule are relatively unknown, we have elected to suspend the penalty in this instance. Respondent is under a duty to ascertain CLE requirements and procedures for complying with such.

We hereby Order that respondent be suspended from the practice of law for a period of thirty (30) days. The penalty is for six (6) months from date of this Order, conditioned upon fulfilling the requirements. The CLE Commission shall apply CLE credits earned by respondent subsequent to June 30, 1989, if any, to the 1988–89 deficiency, if he requests. It is further ordered that the respondent pay the costs of these proceedings.

COMBS, LAMBERT, LEIBSON and WINTERSHEIMER, JJ., concur.

STEPHENS, C.J., and GANT and VANCE, JJ., concur in the opinion but dissent from suspending the penalty.