John R. HANSEN (KBA Member
No. 82821), Movant

v.

KENTUCKY BAR ASSOCIATION,
Respondent.

No. 2004–SC–1102–KB.

Supreme Court of Kentucky.

Feb. 17, 2005.

## OPINION AND ORDER

The Kentucky Bar Association (KBA) brought this action against Movant, John R. Hansen, of Hazard, Kentucky, for violations of SCR 3.130–1.4(b), SCR 3.130–1.16(d), and SCR 3.130–1.1. Movant admits the violations set forth in the Kentucky Bar Association's charge and moves for a public reprimand. As the KBA has no objection to the motion, the discipline proposed by Movant is hereby adopted.

The foregoing ethical violations arose when Movant began representing Bruce and Malissa Combs in a personal injury action arising out of an automobile accident that occurred in Tennessee in March 2000. Movant was not licensed to practice law in Tennessee but did send letters to insurance companies, doctors, and hospitals, requesting medical records and other information. On November 7, 2000, Movant was elected Commonwealth's Attorney for Perry County. Because of his election, Movant could no longer maintain a private law practice. Therefore, in December 2000, he began closing his law practice, and he mailed letters to some of his clients informing them that he could no longer represent them. Mr. and Mrs. Combs claim that they did not receive a letter.

In January 2001, after taking office as the Perry County Commonwealth's Attorney, Movant was contacted by Mr. Combs to discuss the personal injury case. Movant referred Mr. Combs to Jeanne Channell, an attorney in Hazard, and provided her with the client file. Channell refused to take the case, however, because she was not licensed in Tennessee. Channell did advise the Combses that the one-year statute of limitations on their personal injury case would expire on March 13, 2001. Movant had not advised the Combses of that fact and agrees that it was his responsibility to do so—even though the Combses had acquired actual knowledge of that fact

before the period of limitations expired. Following her meeting with the Combses, Channell notified Movant that she had not accepted the case and returned the file to Movant.

In March or April 2001, Mr. Combs contacted Movant and inquired about his case. Movant contacted Channell and learned that the statute of limitations had expired on the case. Movant did not advise Mr. Combs of that fact but instead contacted another attorney, Jeffrey Morgan, who agreed to examine the file. Morgan determined that the statute of limitations had indeed expired and informed the Combses of that fact. At no time had Movant advised Mr. and Mrs. Combs that the statute of limitations on their personal injury claim would expire on March 13, 2001.

Movant admits that he violated SCR 3.130–1.16(d) when he failed to inform Mr. and Mrs. Combs that he could no longer represent them because of his election as Commonwealth's Attorney. Movant admits that he violated SCR 3.130–1.4(b) ("[a] lawyer should explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation") by failing to personally inform the Combses of the date the statute of limitations would expire on their case, and of the fact that he was not licensed to practice law in Tennessee. Movant also admits that he violated SCR 3.130–1.1 ("[a] lawyer shall provide competent representation to a client") when he failed to ascertain when the statute of limitations would expire on his clients' personal injury case at the commencement of, or at any time during, the representation.

Movant requests that he be publicly reprimanded. As noted, the KBA does not object to the proposed disposition. Accordingly, IT IS HEREBY ORDERED that:

1. Movant is publicly reprimanded.

2. In accordance with SCR 3.450, Movant is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $8.15, and for which execution may issue from this Court upon finality of this Opinion and Order.

All concur.

ENTERED: February 17, 2005.

/s/ Joseph E. Lambert
     Chief Justice