AS MODIFIED: JUNE 25, 2009
TO BE PUBLISHED

## Supreme Court of Kentucky

2008-SC-000928-KB

DATE 7/7/09 Kelly Klabu D.C.

KENTUCKY BAR ASSOCIATION

MOVANT

V.                                    IN SUPREME COURT

CHRIS MINIARD                                    RESPONDENT

### OPINION AND ORDER

The Court has granted reconsideration of its previous order suspending Respondent, Chris Miniard, KBA Member Number 87205, upon his showing that different discipline is appropriate. After reviewing the record and the new documents submitted by Respondent, we find him not guilty of violating SCR 3.130-1.15(b) (failure to deliver funds) and SCR 3.130-8.3(c) (conduct involving dishonesty, fraud, deceit, or misrepresentation), but guilty of violating SCR 3.130-8.1(b) (failure to respond to KBA inquiries).

Miniard represented Rocky and David Miniard in the sale of real property in Big Laurel, Kentucky, to Elizabeth Miniard. On December 5, 2006, Elizabeth wired $6,000, purportedly to the account of Chris Miniard, to pay for the property. Elizabeth claimed in a Bar complaint that she never received the deed to the property and that the money was never returned.

On December 28, 2007, a Complaint was filed by Elizabeth and served on Miniard by the Laurel County Sheriff. When Miniard failed to respond to the Complaint, a warning letter dated April 2, 2008, was served on him. On

July 30, 2008, the Inquiry Commission issued a three count Charge against Miniard alleging the violations set forth above.

The Charge of the Inquiry Commission was served on Miniard by the Laurel County Sheriff on September 8, 2008. Miniard failed to file an Answer within twenty days. A reminder letter was sent to him on October 1, 2008. As of November 21, 2008, (the date of the Board's hearing on this matter) Miniard had not filed an Answer to the Charge.

The Board unanimously concluded that Miniard had committed all three of the counts charged. It then considered Miniard's prior disciplinary matters. Miniard has previously received three private reprimands for rules violations. Miniard has also been ordered to attend remedial education and have his law practice monitored.

After considering all relevant factors, the Board recommended by a vote of 14-4 that Miniard be suspended from the practice of law for 5 years, pay restitution of $6,000 to Elizabeth Miniard, and pay the costs of this proceeding. On March 10, 2009, this Court adopted the Board's recommendation.

Miniard then moved this Court to reconsider the Opinion and Order entered in March.[1] He claimed that he in fact complied with his professional duties in the course of representing Rocky and David Miniard. He claimed that he prepared a deed of conveyance of the property in question, had his clients

---

[1] Technically, the rule applicable to this situation was CR 76.38, which allows for reconsideration of orders entered by an appellate court. The motion itself claimed to be one to amend, alter, or vacate the Court's order and it cited CR 59.05 and CR 60.02. The Clerk's office, however, treated the motion as one to reconsider and entered it as such.

2

execute the deed, and then mailed the deed to the buyers.[2] In January 2007, Elizabeth contacted him and stated that the deed had not been received. He claims he then again mailed the deed to the buyers. (It is unclear whether this was a second deed, or a copy of the original.)

Some time after that, Miniard was advised by Rocky and David that Elizabeth had told them she still had not received the deed, so they had another deed prepared. That deed had still not been filed at the Leslie County Clerk's office when the motion to reconsider was filed.

In support of these claims, Miniard attached to his motion several affidavits and other documents. He included copies of affidavits from Rocky Miniard, David Miniard, and Penny Miniard (David's wife), all of whom state that they received the $6,000 for the property and executed a deed transferring the property. They also stated that another deed had been prepared after they learned that the first was not filed.

Miniard also attached affidavits of Judge John Chappell (District Judge in Laurel and Knox Counties) and Roger Gibbs (a DPA supervisor), both of whom attested to Miniard's good character. Though the relevancy of these affidavits to whether Miniard engaged in misconduct is slight at best, it does appear from both affidavits that Miniard is now employed by DPA and currently is the directing attorney of the London DPA office.

As to why he failed to respond to the complaint and charge, Miniard admitted to failing to answer but stated that "he is without information

---

[2] It appears that the buyers were Carl and Sandra Trice, who had some sort of business relationship with Elizabeth Miniard, who communicated on their behalf with Chris Miniard.

3

sufficient to recall or admit having seen either the complaint or the charge prior to this motion." He then admitted the factual allegations supporting the finding of violating SCR 3.130-8.1(b). He also stated that he has paid the costs incurred by the KBA as ordered by this Court.

The KBA's response consisted primarily of a very detailed description of the procedural history of this case with an emphasis on the attempts to contact Miniard during the course of the disciplinary proceedings. It noted that Miniard "has now offered evidence that he properly used the funds given to him by Elizabeth Miniard and did not violate SCR 3.130-1.15(b) and 8.3(c)." It then concluded, "because of this proof and the severity of the sanction, if [Miniard] did indeed not misappropriate the money, the KBA would not object if the Court should choose to set aside and vacate that part of its prior Opinion and Order finding him guilty of violating SCR 3.130-1.15(b) and 8.3(c) and that part of the Opinion ordering restitution." The KBA asked that Miniard be given at least a 61-day suspension, even though normally a failure-to-respond violation would result in a lesser sanction. The KBA also asked that the Court consider ordering Miniard's attendance at the KBA Ethics and Enhancement Program.

Having considered the evidence put forward by Miniard, this Court concludes that he did not violate SCR 3.130-1.15(b) (failure to deliver funds) and SCR 3.130-8.3(c) (conduct involving dishonesty, fraud, deceit, or misrepresentation), but did violate SCR 3.130-8.1(b) (failure to respond to KBA inquiries). Given the prior disciplinary matters and the fact that Respondent's failure to respond has given rise to some difficulty for the Court and the KBA, the Court finds that a 61-day suspension is appropriate.

4

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. Respondent, Chris Miniard, KBA Member Number 87205, is hereby adjudged guilty of violating SCR 3.130-8.1(b) (failure to respond) and is suspended from the practice of law for 61 days, effective as of March 10, 2009.

2. In accordance with SCR 3.450, Miniard is directed to pay all costs associated with these disciplinary proceedings against him not already paid for which execution may issue from this Court upon finality of this Opinion and Order.

3. Miniard must attend the next Ethics and Enhancement Program offered by the KBA. The Office of Bar Counsel shall notify Miniard of the details, date and time of the next Program to be offered; such notice must be sent a reasonable time before the Program is to be held. Should Miniard fail to attend the program, absent a showing of good cause, the Office of Bar Counsel is directed to notify the Court, whereupon further discipline may be required.

All sitting. All concur.

ENTERED: March 10, 2009.

_____
CHIEF JUSTICE

5